IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STANLEY ROEHRIG, ATTORNEY AT LAW, ALC; ROEHRIG, ROEHRIG, WILSON & HARA; A HAWAII PARTNERSHIP; and GLEN S. HARA,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BLOSSOM TONG, SEABURY & SMITH, CHICAGO INSURANCE COMPANY, JOHN DOES 1-100, et al.,<br><br>    Defendants.<br>_____ | CIV. NO. 05-00667 SPK-BMK<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTIONS FOR REMAND |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTIONS FOR REMAND

  Before the Court are Plaintiffs Stanley Roehrig, Attorney at Law, A.L.C., Roehrig, Roehrig, Wilson & Hara, a Hawaii Partnership, and Glenn S. Hara's (collectively "Plaintiffs") Motions for Remand ("Motions"). The Motions were heard on December 22, 2005. After careful consideration of the Motions, supporting and opposing memoranda, and arguments of counsel, the Court FINDS that Plaintiffs fraudulently joined Defendant Blossom Tong ("Tong") and accordingly, the Court RECOMMENDS that the Motions be Denied.

BACKGROUND

This case arises out of the refusal by Defendant Chicago Insurance Company ("CIC") to defend and indemnify Plaintiffs against a legal malpractice claim made by a former client of Plaintiffs, George Miyashiro. The Defendants include, CIC, Tong, and Tong's employer, Defendant Seabury & Smith ("Seabury"). Based on a review of the Complaint and the submissions of the parties, it appears that Tong is an insurance agent who consulted with and advised Plaintiffs concerning malpractice coverage. In the Complaint, it is alleged that Tong assured Plaintiffs that they had adequate insurance coverage and that the CIC policy would cover the Miyashiro claim.

On October 21, 2005, Defendants filed a Notice of Removal. In the Notice of Removal, Defendants allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although the Complaint reflects that complete diversity jurisdiction is lacking because both the Plaintiffs and Tong are citizens of Hawaii,[1] Defendants argue that Tong's citizenship should be disregarded on the ground that Tong cannot be held individually liable to Plaintiffs for her actions which were conducted within the scope of her employment at Seabury.

---

[1] The Defendants other than Tong are diverse parties. CIC is an Illinois corporation and Seabury is a Delaware corporation.

DISCUSSION

Removal of an action that alleges claims against a non-diverse defendant is proper where it appears that such defendant has been fraudulently joined. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined if a plaintiff states no cause of action against the defendant who otherwise destroys diversity, and if "the failure is obvious according to settled law of the state." Id. at 1339. Fraudulent joinder is a term of art and does not require an ill motive. Id. The presumption is against finding fraudulent joinder, and the defendants carry a heavy burden of persuasion. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Where jurisdiction depends on a finding of fraudulent joinder however, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

To decide the issue of whether the citizenship of Tong can properly be disregarded for the purpose of establishing diversity jurisdiction, the Court must be guided by Hawaii law. See Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir. 2001) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). However, if the

Hawaii courts have not specifically addressed the relevant issues, the "[C]ourt must make a reasonable determination of the result the highest state court would reach if it were deciding the case." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 885 n.7 (9th Cir. 2000).

The Hawaii Supreme Court has not considered whether an insurance agent when acting in the name of a disclosed principal may be personally liable for negligence committed within the scope of her employment. It is the law in California, however, that an insurance agent under these circumstances is not independently liable. Lippert v. Bailey, 241 Cal. App. 2d 376 (1966).

In Mercado v. Allstate Ins. Co., 340 F.3d 824 (9th Cir. 2003), a case applying California's insurance law, the Court held that an insurance company's employee was fraudulently joined and could not be held individually liable because the employee was acting within the course and scope of her employment. The Plaintiff in Mercado brought suit against Allstate and Silvia Luevano, an Allstate employee who handled Plaintiff's claim. The Plaintiff alleged that Allstate and Luevano breached the covenant of good faith and fair dealing and that they had committed unfair business practices. Id. at 825.

Allstate removed the case to the federal district court and Plaintiff moved to remand it back to the state court. Id. In affirming the district court's

ruling that Luevano had been fraudulently joined as a defendant to defeat diversity jurisdiction, the Ninth Circuit held:

> All of [Plaintiff's] allegations against Luevano pertain to actions she took in her capacity as an Allstate employee. It is well established that, unless an agent or employee acts as a dual agent (a circumstance not present in this case), they cannot be held individually liable as a defendant unless she acts for her own personal advantage. See *McCabe, 811 F.2d at 1339* (concluding defendant-employees were fraudulently joined because sworn declarations indicated that they acted in the interest of their employer). At all times during her dealing with [Plaintiff], Luevano acted as Allstate's agent. Accordingly, Luevano is not individually liable . . . .

Id. at 826 (emphasis added) (citations and footnotes omitted).

The Court finds that the Lippert rule adopted by the Ninth Circuit in Mercado is consistent with and a reasonable extension of Hawaii law. For instance, in Davis v. Wholesale Motors, Inc., 86 Haw. 405, 949 P.2d 1026 (Haw. App. 1997), the Hawaii Intermediate Court of Appeals ("ICA") stated that "[a] verdict against the principal alone, and not against his agents, is proper when the agents acted at the direction of the principal and the principal ratified their wrongful conduct." Id. at 426, 949 P.2d at 1047. In Moore v. Allstate Ins. Co., 6 Haw. App. 646, 736 P.2d 73 (1987), the ICA held that the plaintiff's attempt

to hold an individual personally liable in her capacity as an insurance agent was "without precedent and legally insupportable." Id. at 651, 736 P.2d at 77.

Plaintiffs' reliance on Quality Furniture, Inc. v. Hay, 61 Haw. 89, 595 P.2d 1066 (1979) and Macabio v. TIG Insurance Co., 87 Haw. 307, 955 P.2d 100 (1998) for the proposition that Hawaii law is contrary to California law on this issue is misplaced. Although those cases establish that under certain circumstances an insurance agent may owe a duty to an insured, they do not in any way address the question of whether an agent may be personally liable for acts taken in the course and scope of the agent's employment.

Although Plaintiffs have correctly noted that California courts recognize a dual agency exception to the Lippert rule, this exception does not apply here. A dual agent "act[s] on behalf of the insured in some way beyond his or her capacity as an agent for the insurer." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998). A dual agent who acts as either an independent broker or has a long-term, special relationship with the insured may be sued individually. Id. (citing Maloney v. Rhode Siland Ins. Co., 251 P.2d 1027 (Cal. Ct. App. 1953)).

It is undisputed that Tong acted within the scope of her employment at all times and did not exceed her authority in any way.[2] Moreover, although Tong had previous business encounters with Plaintiffs, those encounters do not amount to a long-term or special relationship as required under the dual agency exception to the Lippert rule. Mercado, 340 F.3d at 826 n.1 (citing Jones v. Grewe, 234 Cal. Rptr. 717, 721 (Cal. Ct. App. 1987) (explaining that a mere allegation that an insured purchased insurance and relied on advice from an insurance agent for several years is insufficient to imply a greater relationship and that such reliance is not uncommon)).

## CONCLUSION

For the foregoing reasons, the Court FINDS that Plaintiffs fraudulently joined Tong. Accordingly, the Court RECOMMENDS that the Motions for Remand be Denied.

---

[2] Bradley Oliver, Tong's supervisor, had declared that even if Tong made the representations as alleged in the Complaint, Seabury would have directed, ratified, authorized, and approved Tong's conduct. (Oliver Dec. ¶4).

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, January 25, 2006.



```
_____
        Barry M. Kurren
     United States Magistrate Judge
```

ROEHRIG, ET AL. V. TONG, ET AL.; CV. NO. 05-00667 SPK-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTIONS FOR REMAND